UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER THOMPSON,

      Plaintiff,

v.

Case No. 17-cv-10795

HON. MARK A. GOLDSMITH

UNKNOWN CALDWELL, et al.,

      Defendants.
_____/

**OPINION AND ORDER
DENYING THE APPLICATION FOR LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE (Dkt. 2) AND DISMISSING THE CIVIL RIGHTS
COMPLAINT (Dkt. 1) WITHOUT PREJUDICE**

Plaintiff Lanier Thompson is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, and has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), as well as an application to proceed without prepayment of the filing fee for this action (Dkt. 2). In his complaint, Thompson raises claims concerning excessive force, sexual assault, retaliation, and the denial of legal mail by prison officials. The events giving rise to the complaint are alleged to have occurred in 2015. Thompson names prison employees and the warden as the defendants in this action and sues them in their official capacities. He seeks monetary damages and for the defendants to be fired and charged with misconduct.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Thompson has filed several federal lawsuits and the Court's records reveal that he has filed at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Thompson v. Mohrman, et al., No. 16-10004 (E.D. Mich. Mar. 15, 2016); Thompson v. Parole Bd. Members, et al., No. 15-13897 (E.D. Mich. Dec. 30, 2015); Thompson v. Unknown Zwikler, et al., No. 13-00167 (W.D. Mich. Mar. 14, 2013).

Consequently, Thompson is a "three-striker" who cannot proceed without prepayment of the filing fee, unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception to the three-strike rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. See Rittner v. Kinder, 290 F. App'x 796, 797-798 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, id., as is an assertion of the potential for future harm, see Vandiver v. Vasbinder, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Having made no such allegations in his pleadings, Thompson fails to establish that he should be allowed to

proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court denies Thompson's application for leave to proceed without prepayment of the filing fee and dismisses his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Lastly, the Court concludes that it has properly applied the three-strike provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: April 24, 2017　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2017.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager